GAIDRY J.
|2In this suit for damages arising out of an automobile accident, the defendant appeals from a judgment in the plaintiffs favor, and plaintiff answers the appeal. We affirm.
FACTS AND PROCEDURAL HISTORY
This suit arises from an automobile accident which occurred on the morning of March 19, 2008 in Houma, Louisiana. Immediately prior to the accident, Delphine Short was traveling north on Grand Cail- *121 lou Road, and Terminex Pest Control (“Terminex”) employee Daniel Daigle was stopped in his Terminex truck at the stop sign on Evelyn Avenue at its intersection with Grand Caillou Road. Mr. Daigle then made a right turn onto Grand Caillou Road and entered the left northbound lane. Ms. Short either was already traveling in the left northbound lane or was in the process of entering the left northbound lane from the turning lane when the left front corner of Mr. Daigle’s truck collided with the passenger door side of her vehicle. Neither party reported any injuries at the time of the accident, but Ms. Short later developed back problems which she attributes to the accident.
Ms. Short filed suit against Mr. Daigle, Terminex, and Terminex’s insurer, alleging that Mr. Daigle was at fault in causing the accident and that the injuries Ms. Short sustained in the accident aggravated a previous back condition, causing extensive new damage and making surgery necessary.
A jury trial was held, after which the jury concluded that Mr. Daigle, not Ms. Short, was negligent in causing the accident and Ms. Short’s injuries. The jury awarded Ms. Short $150,000.00 for her past and future mental and physical pain and suffering, $25,000.00 for her past and future disability, $43,000.00 for her past and future loss of earnings or earning capacity, $131,000.00 for her past medical expenses, and $150,000.00 for |sher future medical expenses. The jury made no award for Ms. Short’s past and future loss of enjoyment of life. Ms. Short filed a motion for judgment notwithstanding the verdict, which the court granted in part, awarding Ms. Short $25,000.00 for her past and future loss of enjoyment of life. The court declined to increase the award for past and future pain and suffering as requested by Ms. Short. Defendants filed a motion for new trial, which was denied.
On appeal, defendants allege that the trial court erred in allowing the investigating police officer to testify at trial as to his opinion of the cause of the accident and in assigning 100% of the fault in the accident to Mr. Daigle. Ms. Short answered the appeal, asking this court to increase the jury’s general damages award.
DISCUSSION
Defendants first argue that the trial court erred in allowing the investigating police officer, who was not qualified as an expert witness under La. C.E. art. 702, to offer his opinion as to who caused the accident.
All relevant evidence is admissible, except as otherwise provided by law. La. C.E. art. 402. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. La. C.E. art. 401. Generally, a witness not testifying as an expert may not give testimony in the form of opinions or inferences. This rule is subject to the limited exception of Article 701 of the Louisiana Code of Evidence, which provides that a lay witness may provide testimony in the form of opinions or inferences where those opinions or inferences are: (1) rationally based on the perception of the witness, and (2) helpful to a clear understanding of his testimony or the determination of a fact at issue. Rideau v. State Farm Mutual Automobile Insurance Company, 06-0894, p. 6 (La.App. 1 Cir. 8/29/07), 970 So.2d 564, 572. Thus, if an investigating police officer is not qualified as an accident reconstruction expert, his testimony in the form of opinions is limited to those opinions based upon his rational perception of the facts and recollections *122 pertaining to the scene of the accident. Whether Article 701 was violated is a determination within the discretion of the trial court. The trial court is granted broad discretion in its evidentiary rulings, and its determinations will not be disturbed on appeal absent a clear abuse of that discretion. Id.
At the trial of the matter, Ms. Short sought to have the court exclude the police report, which was listed by the defendants as a potential trial exhibit, from evidence as inadmissible hearsay under La. C.E. art. 803(8)(b)(i). Ms. Short also objected to the testimony of the police officer at trial, since even after reading the police report, he had no independent recollection of the events contained therein. The trial court ruled that the police report itself was inadmissible, but that the officer could refresh his memory from the police report in order to testify at trial.
Defendants then called Houma Police Officer Joseph Renfro as a witness over plaintiffs objection. Officer Renfro testified that he had no independent recollection of the accident and could only testify as to what was in the report. Officer Renfro testified that the parties told him that Mr. Daigle entered the left northbound lane at about the same time that Ms. Short was entering the left northbound lane from the turn lane. However, on cross-examination by plaintiff, Officer Renfro testified that he gave Mr. Daigle a violation for Improper Turn, but did not give any violations to Ms. Short. Defendants objected to this testimony by Officer Renfro, but following an off-record discussion, the officer was allowed to testify. IsAlthough Officer Renfro could not recall at trial why he had given the violation to Mr. Daigle, he acknowledged his deposition testimony that he did so because he had determined from his diagram of the accident scene that Ms. Short had already entered and controlled the left northbound lane when Mr. Daigle turned off of Evelyn Avenue into her lane. Officer Renfro also testified that he does not write down verbatim what he is told by the parties at the accident scene; rather, his report is a summary of what the parties told him and may have been written up to forty-eight hours after he investigated the accident, and therefore it is possible his report may contain errors or miscommunications.
Although the defendants object on appeal to Officer Renfro’s testimony, it was the defendants who called Officer Renfro to testify, over objections from the plaintiff, at trial. Officer Renfro’s testimony that he determined, from his diagram of the accident scene, that Ms. Short entered and controlled the lane before reaching the intersection with Evelyn Avenue, was rationally based upon his perceptions of the accident scene and helpful to the determination of a fact at issue. Thus, the trial court did not abuse its discretion in allowing the officer to testify. This assignment of error by defendants is without merit.
Defendants next allege that the jury erred in concluding that Mr. Daigle was solely at fault in causing the accident. Defendants argue that based upon Ms. Short’s testimony that she is unable to see from her right eye and that she does not remember ever seeing the Terminex truck prior to the collision, as well as Mr. Dai-gle’s testimony that he stopped at the stop sign on Evelyn Avenue and looked both ways to make sure traffic was clear before proceeding onto Grand Caillou, it was error for the jury to find that Mr. Daigle was solely at fault in the accident. Ms. Short testified that prior | Rto the accident, she had been traveling southbound on Grand Caillou, but had turned around in a parking lot and began traveling in the left northbound lane of Grand Caillou Road before reaching the intersection with Eve *123 lyn Avenue and being struck by the Terrai-nex truck. Mr. Daigle argues that because he looked to his left before leaving the stop sign and did not see Ms. Short’s vehicle, she must have made a U-turn on Grand Caillou at the same time he was turning right onto Grand Caillou, causing the collision.
The jury was presented with conflicting testimony as to when and where Ms. Short turned around and entered the left northbound lane of Grand Caillou. Where conflict exists in the testimony, reasonable evaluations of credibility are not to be disturbed on appeal; where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). In finding that Mr. Daigle was solely at fault in causing the accident, the jury obviously believed Ms. Short’s version of events. We cannot say that this credibility call by the jury was manifestly erroneous or clearly wrong. This second assignment of error by defendants is without merit.
In her answer to the appeal, Ms. Short alleges that the amount awarded for past and future mental and physical pain and suffering, past and future disability, and past and future loss of enjoyment of life is abusively low. The discretion vested in the trier of fact is great and even vast, such that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff that the appellate |7court should increase or reduce the award. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
Prior to the accident at issue herein, Ms. Short had back surgery in 2003. Although it appears she sought medical attention for back pain on several occasions after this surgery, she testified that her surgery successfully resolved her back problems. Ms. Short first sought medical attention after the accident on March 25, 2008, with Dr. Mitch Thompson, a chiropractor. At that visit, she complained to Dr. Thompson of neck and low back pain following a car accident. Dr. Thompson diagnosed Ms. Short with strain/sprain injuries. After treating her for approximately one month, Dr. Thompson referred Ms. Short to Dr. Larry Haydel, who had performed her earlier back surgery. Ms. Short began treating with Dr. Haydel in June of 2008 and was eventually referred to Dr. Chris Ce-nac, an orthopedic surgeon, on December 15, 2008. Dr. Cenac testified that at the time she came to see him, she was complaining of significant back pain, left leg pain, and, to a lesser extent, right leg pain. She also had decreased reflexes in her left leg, which were consistent with nerve root injuries, and weakness in two nerve distributions in her left leg. X-rays showed significant collapse, degeneration, and a degenerative fracture at the L-5, S-l region. Dr. Cenac attributed' these conditions, which he believed to be an aggravation of her pre-existing back problem, to the March 2008 accident. Dr. Cenac performed surgery on Ms. Short to repair this problem at L-5, S-l in December 2009, and she did reasonably well for six to nine months after the surgery, but then began having leg pain again. A CT myelogram revealed a collapse at L-4, which Dr. Ce-nac believed was caused by the stress and strain from the surgery at L-5, S-l. After trying medication and spinal Isinjections to alleviate the pain from this new problem, Dr. Cenac recommended a *124 third surgery. Ms. Short testified at trial that she plans to have this third surgery. Dr. Cenac believes that this third surgery will be successful in alleviating her symptoms and that approximately one year after having this surgery, she should be able to return to work in her former capacity as a secretary.
Ms. Short testified that even though she had a history of back problems prior to the accident, she led a full life before the accident, taking care of her home and family and working. After the accident, she testified that she continued to work up until the December 2009 surgery but has not returned to work since then. She testified that at the time of trial, she stayed home most of the time due to both pain and the fact that she walked with a limp. Ms. Short’s coworkers testified that after the accident, they noticed a change in her personality and that she often complained of pain before she eventually stopped working.
While the general damages award may be lower than we would have awarded had we been the trier of fact, we cannot say that $200,000.00 is below that which a reasonable trier of fact could assess for the effects of Ms. Short’s particular injuries; therefore, we cannot increase the award on appeal and. Mrs. Short’s answer to appeal is denied. This assignment of error is without merit.
CONCLUSION
For the reasons set forth herein, the judgment appealed from is affirmed. Costs of this appeal are to be borne one-half by the plaintiff and one-half by the defendants.
AFFIRMED; ANSWER TO APPEAL DENIED.